No. 2024-2351

**UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT**

REGENERON PHARMACEUTICALS, INC.,

*Plaintiff-Appellant*,

v.

MYLAN PHARMACEUTICALS INC., AMGEN USA, INC., BIOCON BIOLOGICS INC., CELLTRION, INC., FORMYCON AG, AMGEN INC., SAMSUNG BIOEPIS CO., LTD., SANDOZ INC.,

*Defendants-Appellees*

Appeal from the U.S. District Court for the Northern District of West Virginia
No. 1:24-md-3103-TSK, Chief Judge Thomas S. Kleeh

**DEFENDANT-APPELLEE AMGEN INC.'S RESPONSE TO REGENERON'S MOTION TO EXPEDITE APPEAL**

Defendant-appellee Amgen Inc. respectfully responds to plaintiff-appellant Regeneron Pharmaceuticals, Inc.'s motion to expedite this appeal. *See* ECF #8/9 (public and confidential versions) ("Motion to Expedite"). Amgen agrees expedition is warranted and that oral argument should be held at the Court's earliest convenience following the completion of briefing. Amgen thus does not oppose filing its brief 35 days after Regeneron's opening brief to ensure oral argument can be held in January 2025 or earlier. If further expedition is needed to ensure argument by January 2025, Amgen would propose that Regeneron be required to file its reply 7

1

days after Amgen's response brief (rather than 12 days after, as Regeneron proposes) and the joint appendix 1 day after reply (rather than 3 days).

This Court has before it four other appeals that also involve biosimilars of Regeneron's Eylea®. The Court has expedited those appeals, directing that they be placed "on the next available oral argument calendar once briefing is completed." *Regeneron Pharms., Inc. v. Mylan Pharms. Inc.*, No. 24-1965, Dkt. 24 at 4. While Regeneron asserts the same patent in all of the Eylea biosimilar appeals—U.S. Patent No. 11,084,865 ("the '865 patent")—this case differs from the others in substantial respects. Most significantly, this case was resolved differently from the other cases below, and in Amgen's favor, because it presents distinct, dispositive claim-construction and non-infringement issues that those cases do not. But Amgen does not oppose this appeal being heard by the same panel as one or more of those other appeals, provided that doing so does not delay argument in this appeal.

## ARGUMENT

Amgen emphatically disagrees with Regeneron's view of the merits in this case, *see, e.g.*, Motion to Expedite 1-2, 5-6, 8-9, as explained in Amgen's concurrently filed Opposition to the Motion for an Injunction Pending Appeal. But Amgen agrees this appeal should be expedited and placed on the next available argument calendar following completion of briefing, either "during the Court's January 2025

2

sitting, or through a separate scheduling mechanism at the Court's earliest convenience." *Id.* at 3. Amgen thus would not oppose oral argument in December (during the Court's regular sitting or at a special sitting) to the extent consistent with this Court's docket and schedule.

Amgen also agrees expedition should be accomplished "principally through accelerating substantially the deadlines for [Regeneron's] briefing." Motion to Expedite 2. This Court has already ordered Regeneron to file its opening brief by October 3. *See* ECF #19 at 2. To allow oral argument in January 2025 or earlier, Amgen does not oppose Regeneron's proposal that Amgen file its response brief 35 days after the opening brief (rather than the usual 40 days). Motion to Expedite 11.

Amgen also offers two additional observations that may be relevant to this Court's consideration of the motion to expedite.

> **A.   If additional expedition is needed to ensure oral argument in January 2025 or earlier, Regeneron should be directed to file its reply and the joint appendix earlier.**

Regeneron's proposed schedule rests on the premise that briefing must be completed by November 22 (with the joint appendix filed by that day) for oral argument to be held in January 2025 or earlier. *See* Motion to Expedite 11-12. Insofar as Regeneron's proposed schedule will in fact allow the appeal to be scheduled at the earliest opportunity, Amgen has no objection to that schedule.

3

If further expedition may be necessary to allow oral argument in January 2025, or potentially in December, Amgen would propose that Regeneron be directed to file its reply brief 7 days after Amgen's response (rather than 12 days as Regeneron proposes) and the appendix 1 day after the reply (rather than 3 days). Briefing would then be complete a full week ahead of Regeneron's proposal. If that additional expedition would be the difference between argument in January 2025 and a later argument, or would allow argument before January 2025, Amgen urges the Court to adopt it. That would produce the following schedule:

| Event | Deadline |
| --- | --- |
| Regeneron's Opening Brief | October 3, 2024 |
| Amgen's Response Brief | November 7, 2024 (35 days after Regeneron's opening brief) |
| Regeneron's Reply Brief | November 14, 2024 (7 days after Amgen's response brief) |
| Joint Appendix | November 15, 2024 (1 day after Regeneron's reply brief) |
| Oral Argument | January 2025 or earlier |

Placing the burden of any additional expedition on Regeneron is appropriate for at least two reasons.

***First,*** Regeneron—the party moving for expedition—cannot deny that 7 days is sufficient to prepare its reply. Regeneron invokes five cases where the appellant filed its reply 7 days after the response brief, *see* Motion to Expedite 7-8, and Regeneron has committed to filing its opening brief just 10 days after the district

4

court issued its 90-page decision, *see id.* at 2-3.  Given Regeneron's recognition that 10 days is sufficient for its opening brief, 7 days should be sufficient for a reply half as long.  Regeneron's motion does not explain why it would need longer for its reply (12 days) than for its opening brief (10 days).[1]

***Second,*** the current need for expedited briefing in this Court is a product of Regeneron's delays in seeking injunctive relief below.  Under the Biologics Price Competition and Innovation Act, a company seeking to market a biosimilar product (like Amgen's ABP 938) must provide 180 days' notice to the patent owner.  42 U.S.C. § 262(*l*)(8)(A).  The patent owner may then move ***immediately*** for a preliminary injunction.  § 262(*l*)(8)(B).  The statute provides that 180-day period to "ensur[e] a defined amount of time for pre-launch litigation" and avoid "hurried motion practice."  *Amgen Inc. v. Apotex Inc.*, 827 F.3d 1052, 1065 (Fed. Cir. 2016).

Amgen provided Regeneron with confidential access to its Biologics License Application ("BLA") and other manufacturing information for ABP 938 in ***September 2023***.  No. 1:24-cv-00039-TSK (N.D. W. Va.), Doc. 199-1 ¶ 10.  Amgen also gave its § 262(*l*)(8) notice of commercial marketing on ***February 23, 2024***.  Add12.[2]  Regeneron then had nearly six months under the statute in which to seek

---

[1] As noted, Amgen has no objection to Regeneron receiving 12 days for its reply if that will not delay oral argument.

[2] "Add__" citations in this response refer to the Addendum to Regeneron's Motion to Expedite.

injunctive relief—and have the district court resolve that request—before Amgen could launch ABP 938. Add12. Yet Regeneron waited until ***June 7, 2024***—over 9 months after receiving Amgen's BLA, and ***105 days*** after receiving Amgen's 180-day notice—before moving for a preliminary injunction on the '865 patent. Add12. The "urgency of the circumstances" Regeneron invokes, Motion to Expedite 11, thus stems from its own delays during the 180-day period. Had Regeneron filed its preliminary-injunction motion sooner, the district court could have decided the motion sooner, and less (if any) expedition would be needed to meet Regeneron's target argument date on appeal.

Regeneron's effort to blame Amgen for its delays, *see* ECF #18 at 2-3, rests on an alternative reality. Regeneron does not deny it could have sought a preliminary injunction on the '865 patent immediately upon receiving Amgen's notice of commercial marketing on February 23, 2024. No court order or Amgen filing prevented it from doing so, and Regeneron had the specific details of Amgen's formulation from Amgen's BLA for ABP 938 since ***September 2023***. While Amgen opposed forcing the proceedings onto the same schedule as Regeneron's earlier-filed cases against other Eylea biosimilars, it proposed schedules more accelerated than what Regeneron ultimately did. As Regeneron itself told the California district court in January 2024, "Amgen agree[d] that preliminary injunction proceedings . . . should commence th[at] month." No. 2:24-cv-00264-JWH-E (C.D. Cal.), Doc. 38

at PDF p.7. Amgen proposed that Regeneron identify the patent claims on which it would seek a preliminary injunction and make initial productions by January 19, then file its preliminary-injunction motion on April 5, 2024. *See id.* n.2; *id.*, Doc. 38-3 at PDF p.4.

But Regeneron then switched to a wait-and-see strategy. It later told the district court "Regeneron objects to filing its motion for a preliminary injunction on Amgen's preferred date of May 10," and insisted it should not even file its motion until after the court decided the preliminary-injunction motions in the other cases. No. 2:24-cv-00264-JWH-E (C.D. Cal.), Doc. 105-3 at 2, 6-8 (sealed version at Doc. 108). Regeneron ultimately waited until ***June 7, 2024*** to file, and then only after being ordered by the district court to do so. Add12.³ Having delayed the filing and resolution of its preliminary-injunction motion by months, Regeneron cannot

---

³ Regeneron's citation-less accusation that Amgen "withheld" discovery concerning "another patent," ECF #18 at 3, is false, as Amgen explained below. *See* No. 2:24-cv-00264-JWH-E (C.D. Cal.), Doc. 105-3 at 8-9 (sealed version at Doc. 108). Tellingly, Regeneron never moved to compel production of any evidence until ***after*** filing its preliminary-injunction motion, and the motion to compel was denied in full. No. 1:24-cv-00039-TSK (N.D. W. Va.), Doc. 209 at 3-4. Equally telling, Regeneron pursued injunctions against all the Eylea biosimilars based ***only*** on the '865 patent. Add10-11; Motion to Expedite 4-5; No. 1:24-cv-00039-TSK (N.D. W. Va.), Doc. 175. And before this Court, Regeneron still maintains it could have filed its injunction motion against Amgen ***by February 2024***, ECF #18 at 2, but in fact did not do so until several months later in ***June***. The notion that Amgen is somehow responsible for Regeneron's 105+ days of delay is fantasy.

complain about bearing the burden of any further expedition needed to ensure prompt argument and resolution of its appeal.

> **B.    This appeal may be (but need not be) argued alongside one or more of the other Eylea biosimilar appeals absent delay to this appeal**

Amgen agrees this appeal should be placed on the next available argument calendar following briefing, whether that is "during the Court's January 2025 sitting" or earlier, "through a separate scheduling mechanism at the Court's earliest convenience." Motion to Expedite 3, 11. Amgen also has no objection to this appeal being argued before the same panel as any other Eylea biosimilar appeals that are ready for argument at that time. *See id.* at 10. All the cases involve the same patent (even if the dispositive issues, like the results below, differ dramatically). So there may be some judicial-economy benefits to hearing some or all together.

Arguing this appeal with others makes sense, however, only if it allows this appeal to be argued at the earliest opportunity (by January 2025, as Regeneron proposes). Regeneron attempts to equate Amgen with the other Eylea biosimilars. *E.g.*, Motion to Expedite 1-2, 5-6. But this case came out differently from those cases below precisely because it presents distinct, dispositive claim-construction and non-infringement issues that those cases do not. As the district court noted—and "Regeneron did not disagree"—none of the other cases presents the dispositive claim-construction question here: "whether the Asserted Claims require that the 'VEGF antagonist' and the 'buffer' be separate and distinct components of the claimed

8

formulation." Add27. The other cases do not present that issue because all the other Eylea biosimilars **have** a separate buffer; only Amgen innovated to develop a formulation, and process for making it, that **lacks** a separate buffer. Add8-10. Thus, what Regeneron calls "the single claim-construction issue relevant to this appeal," Motion to Expedite 11, is not raised in the other appeals.[4]

## CONCLUSION

The Court should grant expedition and schedule this appeal for oral argument at the earliest available date.

---

[4] While Regeneron invokes a claim-construction ruling in the *Formycon* case, Motion to Expedite 1-2, 5-6, it admits "Formycon has not appealed" that ruling, *id.* at 5. Moreover, as discussed in Amgen's opposition to Regeneron's motion for an injunction pending appeal, that ruling does not help Regeneron here. *See* Amgen Opp. to Mot. for Inj. Pending Appeal 11-14. Regeneron's other attacks on the decision below likewise lack merit. *See id.* at 14-19.

| | |
|---|---|
| October 1, 2024 | Respectfully submitted, |
| | /s/ Jeffrey A. Lamken |
| Wendy Whiteford | Jeffrey A. Lamken |
| Eric Agovino | Robert K. Kry |
| Chanson Chang | Lucas M. Walker |
| Pauline Pelletier | Kayvon Ghayoumi |
| AMGEN INC. | MOLOLAMKEN LLP |
| One Amgen Center Drive | 600 New Hampshire Ave., NW, Suite 500 |
| Thousand Oaks, CA 91320 | Washington, D.C. 20037 |
| (805) 447-1000 | (202) 556-2010 |
| | |
| E. Anthony Figg | John R. Labbe |
| Joseph A. Hynds | Kevin M. Flowers |
| Jennifer Nock | Thomas Burns |
| Brett A. Postal | MARSHALL, GERSTEIN & BORUN LLP |
| ROTHWELL, FIGG, ERNST, | 233 South Wacker Drive |
| & MANBECK, P.C. | 6300 Willis Tower |
| 901 New York Avenue, NW | Chicago, IL 60606 |
| Suite 900 East | (312) 474-6300 |
| Washington, D.C. 20001 | |
| (202) 783-6040 | |

*Attorneys for Defendant-Appellee Amgen Inc.*

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

Case No. 24-2351
Regeneron Pharmaceuticals, Inc. v. Mylan Pharmaceuticals Inc.
Filing Party: Defendant-Appellee Amgen Inc.

1. **Represented Entities.** The full names of all entities represented by undersigned counsel in this case. Fed. Cir. R. 47.4(a)(1).

   **Amgen Inc.**

2. **Real Party in Interest.** The name of the real parties in interest (if the entities named above are not the real parties in interest). Fed. Cir. R. 47.4(a)(2).

   n/a

3. **Parent Corporations and Stockholders.** All parent corporations and any publicly held companies that own 10 percent or more of the stock of the entities. Fed. Cir. R. 47.4(a)(3).

4. **Legal Representatives.** The names of all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4)

   **PROSKAUER ROSE LLP**: Siegmund Y. Gutman; Shawn S. Ledingham, Jr.; Scott P. Cooper

   **BOWLES RICE LLP**: Stuart A. McMillan; Ashley Hardesty Odell; Kaitlyn N. McKitrick; Ryan Moore; Karly King

   **HENDRICKSON & LONG, PLLC**: John H. Tinney, Jr.

5. **Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria of Fed. Cir. R. 47.5(a)?

   Yes. Please see separate Notice of Related Case Information.

6. **Organizational Victims and Bankruptcy Cases.** Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

n/a

I certify that the information provided above is accurate and complete to the best of my knowledge.

Date: October 1, 2024   /s/ Jeffrey A. Lamken
                        Jeffrey A. Lamken

FORM 19. Certificate of Compliance with Type-Volume Limitations

Form 19
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

**Case Number:** 24-2351

**Short Case Caption:** Regeneron Pharmaceuticals, Inc. v. Mylan Pharmaceuticals Inc.

**Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

☑ the filing has been prepared using a proportionally-spaced typeface and includes __1,954__ words.

☐ the filing has been prepared using a monospaced typeface and includes _____ lines of text.

☐ the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: 10/01/2024

Signature: /s/ Jeffrey A. Lamken

Name: Jeffrey A. Lamken