No. 24-2351

# In the United States Court of Appeals for the Federal Circuit

REGENERON PHARMACEUTICALS, INC.,

*Plaintiff-Appellant,*

*v.*

MYLAN PHARMACEUTICALS INC., AMGEN USA, INC., BIOCON BIOLOGICS INC., CELLTRION, INC., FORMYCON AG, SAMSUNG BIOEPIS CO., LTD.,

*Defendants,*

AMGEN INC.,

*Defendant-Appellee,*

Appeal from the United States District Court for the Northern District of West Virginia in No. 1:24-md-3103-TSK, Chief Judge Thomas S. Kleeh

## REGENERON'S REPLY IN SUPPORT OF MOTION TO EXPEDITE APPEAL

DAVID I. BERL
THOMAS S. FLETCHER
ANDREW V. TRASK
CHARLES L. MCCLOUD
SHAUN P. MAHAFFY
KATHRYN S. KAYALI
ARTHUR J. ARGALL III
ADAM PAN
CHRISTIAN GLADDEN-SORENSEN
RHOCHELLE KRAWETZ
WILLIAMS & CONNOLLY LLP
  *680 Maine Ave. SW*
  *Washington, DC 20024*
  *(202) 434-5000*

ELIZABETH S. WEISWASSER
WEIL, GOTSHAL & MANGES LLP
  *767 Fifth Ave.*
  *New York, NY 10153*
  *(212) 310-8022*

PRIYATA PATEL
WEIL, GOTSHAL & MANGES LLP
  *2001 M St. NW, Suite 600*
  *Washington, DC 20036*
  *(202) 682-7041*

*Attorneys for Plaintiff-Appellant*

*Counsel listing continues on inside cover*

JACOB E. HARTMAN
KELLOGG, HANSEN, TODD, FIGEL & FREDERICK PLLC
  *1615 M St. NW, Suite 400*
  *Washington, DC 20036*
  *(202) 326-7989*

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF INTEREST</u>

| | |
|---:|:---|
| **Case Number** | 2024-2351 |
| **Short Case Caption** | Regeneron Pharmaceuticals, Inc. v. Mylan Pharmaceuticals Inc. |
| **Filing Party/Entity** | Regeneron Pharmaceuticals, Inc. |

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes.  Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 10/04/2024          Signature:   /s/ David I. Berl

                          Name:        David I. Berl

FORM 9. Certificate of Interest

Form 9 (p. 2)
March 2023

| **1. Represented Entities.** Fed. Cir. R. 47.4(a)(1). | **2. Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | **3. Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.  ☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.  ☑ None/Not Applicable |
| Regeneron Pharmaceuticals, Inc. | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐     Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐   None/Not Applicable          ☑   Additional pages attached

| See Exhibit A | | |
|---|---|---|
| | | |
| | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑  Yes (file separate notice; see below)    ☐  No    ☐  N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑   None/Not Applicable          ☐   Additional pages attached

| | | |
|---|---|---|
| | | |

## Exhibit A

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

BIENERT KATZMAN LITTRELL WILLIAMS LLP: Anthony R. Bisconti

CAREY DOUGLAS KESSLER & RUBY PLLC: David R. Pogue, Jordan L. Damron, Michael W. Carey, Raymond S. Franks II, Steven R. Ruby, S. Benjamin Bryant

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, PLLC: Alyssa J. Picard, Andrew E. Goldsmith, Evan T. Leo, Grace W. Knofczynski, Mary Charlotte Y. Carroll, Sven Eric Henningson III

ROBINSON MILLER LLC: Keith J. Miller, Michael J. Gesualdo

UMHOFER, MITCHELL AND KING LLP: Matthew Donald Umhofer, Jonas Palmer Mann

WEIL, GOTSHAL & MANGES LLP: Anish R. Desai, Christopher M. Pepe, Jennifer Brooks Crozier, Kathryn Leicht, Kellie C. Van Beck, Matthew D. Sieger, Natalie C. Kennedy, Rocco Recce, Tom Yu, Yi Zhang, Zhen Lin

WILLIAMS & CONNOLLY LLP: Ellen E. Oberwetter, Haylee N. Bernal Anderson, Nicholas W. Jordan, Jennalee Beazley, Rebecca A. Carter, Renee M. Griffin, Teagan James Gregory

The parties agree this appeal should be expedited, just as the Court has expedited the four other appeals from injunction decisions involving companies seeking to market biosimilars to Regeneron's Eylea® product. *See* Dkt. 20 at 2. Regeneron respectfully requests that the Court enter an order to that effect in this appeal as well.

1.     Regeneron proposed a schedule under which the parties' briefs and joint appendix would be submitted by November 22. Amgen does not oppose Regeneron's schedule "[i]nsofar as [it] will in fact allow the appeal to be scheduled at the earliest opportunity." *Id.* at 3. If the Court agrees that Regeneron's proposed schedule accomplishes that goal, it should enter an order granting Regeneron's motion to expedite and requiring the parties to advise of oral argument conflicts in January or earlier. Counsel for Regeneron has already provided that information for two of the co-pending appeals. No. 24-1965, Dkt. 64; No. 24-2009, Dkt. 53. Counsel for Amgen can and should promptly submit the same information, before the briefing concludes, so that the Court may set a date-certain for oral argument.

2.     Regeneron proposed its schedule on the understanding that it would permit the appeal to be set for oral argument during the Court's January 2025 sitting, or earlier through a separate scheduling mechanism. Amgen raises the prospect that Regeneron's schedule may not be sufficiently expedited to allow for argument by January. That is not Regeneron's

understanding, but Regeneron does not object to a different schedule if the Court believes even more expedition is necessary. Regeneron does, however, oppose Amgen's suggestion that any additional days cut from the briefing schedule should come solely from Regeneron's time to prepare and submit its reply brief.

Regeneron's proposed schedule already reduces the time for its opening brief by 47 days (nearly 80% of the 60 allotted days), and the time for its reply brief by 9 days (nearly 43% of the 21 allotted days). Amgen, by contrast, has agreed to reduce its briefing time by a mere 5 days (12.5% of the 40 allotted days). If Amgen were instead required to file its brief by October 31—28 days after Regeneron filed its principal brief—Amgen's time would be reduced by only 30%, and briefing and submission of the joint appendix would still be complete by the November 15, 2024 date Amgen suggests may be necessary. To the extent additional time is required to accomplish the expedition *both parties* seek, fairness dictates that Amgen bear that cost, given the substantial acceleration Regeneron already has agreed to for its submissions.

3.     Amgen's response includes a lengthy complaint that Regeneron should have sought a preliminary injunction sooner in the district court. That assertion is not only misleading but also irrelevant to the present motion.

A motion to expedite is appropriate "where the normal briefing and disposition schedule may adversely affect one of the parties." Fed. Cir. R. 27

(practice notes). That is true now, and would almost certainly have been true even if Regeneron filed its preliminary injunction motion in April 2024 instead of June 2024.

In any event, as Regeneron explained in reply to Amgen's opposition to Regeneron's administrative stay request, *see* Dkt. 18, responsibility for any delay rests solely with Amgen. Regeneron filed its motion for a preliminary injunction on the schedule ordered by the district court. *Id.* at 4. The reason Regeneron did not file earlier is because *Amgen* succeeded in convincing the district court in California (where the case was litigated before consolidation in West Virginia) that the early preliminary injunction proceedings against Amgen that Regeneron sought were unnecessary. *See id.* at 2-4. Having consistently and successfully argued that Regeneron's fast preliminary injunction schedule would be "unrealistic, unnecessary, disruptive, and unfair," *In re Aflibercept Patent Litigation*, MDL No. 3103, Dkt. 27 at 3 (J.P.M.L. Feb. 2, 2024), Amgen cannot now be heard to blame Regeneron for adhering to the court's schedule.

*     *     *

For the foregoing reasons and the reasons in Regeneron's Motion, Regeneron respectfully requests that this Court order the following expedited schedule for this appeal:

| Event | Deadline |
|---|---|
| Regeneron's Opening Brief | October 3, 2024 |
| Amgen's Responsive Brief | November 7, 2024 |
| Regeneron's Reply Brief | November 19, 2024 |
| Joint Appendix | November 22, 2024 |
| Oral argument | To be held in January 2025 or at the Court's earliest convenience |

In the alternative, if the Court deems a more expedited schedule necessary, Regeneron requests that the Court enter the following schedule:

| Event | Deadline |
|---|---|
| Regeneron's Opening Brief | October 3, 2024 |
| Amgen's Responsive Brief | October 31, 2024 |
| Regeneron's Reply Brief | November 12, 2024 |
| Joint Appendix | November 15, 2024 |
| Oral argument | To be held in January 2025 or at the Court's earliest convenience |

OCTOBER 4, 2024                    Respectfully submitted,

/s/  David I. Berl

DAVID I. BERL
THOMAS S. FLETCHER
ANDREW V. TRASK

CHARLES L. MCCLOUD
SHAUN P. MAHAFFY
KATHRYN S. KAYALI
ARTHUR J. ARGALL III
ADAM PAN
CHRISTIAN GLADDEN-
SORENSEN
RHOCHELLE KRAWETZ
WILLIAMS & CONNOLLY LLP
  *680 Maine Ave. SW*
  *Washington, DC 20024*
*(202) 434-5000*

ELIZABETH S. WEISWASSER
WEIL, GOTSHAL & MANGES LLP
  *767 Fifth Ave.*
  *New York, NY 10153*
  *(212) 310-8022*

PRIYATA PATEL
WEIL, GOTSHAL & MANGES LLP
  *2001 M St. NW, Suite 600*
  *Washington, DC 20036*
  *(202) 682-7041*

JACOB E. HARTMAN
KELLOGG, HANSEN, TODD,
FIGEL & FREDERICK PLLC
  *1615 M St. NW, Suite 400*
  *Washington, DC 20036*
  *(202) 326-7989*

*Attorneys for Plaintiff-
Appellant*

## CERTIFICATE OF SERVICE

I certify that today, October 4, 2024, I electronically filed the foregoing Reply of Plaintiff-Appellant with the Clerk of the Court for the U.S. Court of Appeals for the Federal Circuit using the appellate CM/ECF system. Counsel of record for all parties will be served by the appellate CM/ECF system.

OCTOBER 4, 2024

/s/ David I. Berl
DAVID I. BERL
*Attorney for Plaintiff-Appellant*

## CERTIFICATE OF COMPLIANCE
## WITH TYPEFACE LIMITATION AND WORD-COUNT

This reply complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(C).  This reply contains 775 words, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f) and Federal Circuit Rule 32(b).

This reply complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6).  This motion has been prepared in a proportionally-spaced typeface using Microsoft Word in fourteen-point CenturyExpd BT style.

OCTOBER 4, 2024

/s/ David I. Berl
DAVID I. BERL
*Attorney for Plaintiff-Appellant*